## MOSEMAN *v.* COMER *et al.*

GILBERT, J. On August 18, 1924, J. C. Moseman was adjudicated a bankrupt. Comer intervened, alleging that he as landlord was entitled, under the Civil Code (1910), § 3348, to a lien upon Moseman's share in certain crops, for supplies furnished during 1924 and used in making the crop; and praying that no homestead be set aside to Moseman out of the proceeds of his share as tenant in said crops, except subject to petitioner's lien for supplies. This prayer was denied by the referee in bankruptcy, without prejudice to the right of intervenor to proceed in the State courts. Comer then filed his petition against Moseman and Brown, his trustee in bankruptcy, alleging, in addition to the facts above stated, that the trustee had set apart to the bankrupt as a homestead the interest of the bankrupt in certain crops; that petitioner had demanded of Moseman payment of said supply account, and had, on the date of filing his petition, foreclosed his landlord's lien by filing an affidavit in the office of the clerk of Clarke superior court, pursuant to section 3366 of the Code; that unless prevented by injunction the trustee would, at the expiration of twenty days from the filing of his report, deliver the property so set apart to the bankrupt and petitioner would be helpless; and that he was without an adequate remedy at law. The prayers were, for a judgment for the amount of the debt; that the lien of petitioner upon the property referred to, superior to the homestead and exemption rights of the bankrupt, be established; that a receiver be appointed to hold the property and dispose of the same in accordance with the orders of the court; that the trustee be restrained by injunction from turning over to Moseman, and that Moseman be restrained by injunction from receiving, the property mentioned. The defendant demurred to the petition, on the grounds that it does not set out a cause of action or any matter or thing entitling the plaintiff to the relief sought. In his answer the defendant set up, that no demand was made upon him for the amount claimed by petitioner until after the adjudication in bankruptcy; that foreclosure of the landlord's lien was not attempted until October 11, 1924; that after the adjudication in bankruptcy, and prior to demand made upon him by petitioner, he in good faith assigned to his attorney his homestead as prayed for in his petition in bankruptcy. The court overruled the demurrer, appointed a receiver, and granted injunction as prayed. Error was assigned upon this judgment. *Held:*

1. Property exempted from levy and sale, having been set aside under the provisions of the Civil Code (1910), § 3416, is not exempt from levy and sale for the purchase-money. Civil Code (1910), § 3423.

2. It has been held that a landlord's lien for rent is in the nature of "purchase-money," and superior to the statutory homestead provided in the Civil Code (1910), § 3416. *Watson* v. *Williams*, 110 *Ga.* 321 (35 S. E. 344), and authorities cited. For the same reason the landlord's lien for supplies as provided in the Civil Code (1910), § 3348, is in the nature of "purchase-money."

3. The Civil Code (1910), § 3348, declares in terms that the lien of the landlord for supplies arises by operation of law. Section 67f of the

bankrupt law does not defeat such a lien. "The liens rendered void by § 67f are those obtained by legal proceedings within four months." *Spradlin* v. *Kramer*, 146 *Ga.* 396, 399 (91 S. E. 409).

4. "Although a landlord's lien for supplies arises by virtue of the statute when the supplies are furnished, such lien can not be asserted against the tenant's crop except by foreclosure." *Lathem* v. *Stringer*, 145 *Ga.* 224 (2) (88 S. E. 941). In this case the landlord, prior to the filing of the present equitable proceeding, foreclosed his lien as provided by law. The fact that the lien was not foreclosed prior to the assignment of the homestead by the bankrupt will not defeat the landlord's lien.

5. The court did not err in overruling the demurrer, and in rendering a judgment as prayed for. *Judgment affirmed. All the Justices concur.*

No. 4606. MARCH 11, 1925.

Equitable petition. Before Judge Fortson. Clarke superior court. October 18, 1924.

*James W. Arnold,* for plaintiff in error.

*Erwin, Erwin & Nix* and *John B. Gamble,* contra.