Rose E. JONES, Plaintiff-Appellant,

v.

COMMUNITY LOAN & INVESTMENT CORPORATION OF FULTON COUNTY, Defendant-Appellee.

Homer Lee SLATTER,
Plaintiff-Appellant,

v.

AETNA FINANCE COMPANY,
Defendant-Appellee.

Dealeaner HAMMOND,
Plaintiff-Appellant,

v.

PUBLIC FINANCE CORPORATION,
Defendant-Appellee.

Nos. 74-3586, 74-3975, 74-4183.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1976.

Rehearing and Rehearing En Banc
Denied Jan. 10, 1977.

David G. Crockett, Atlanta, Ga., for Rose E. Jones.

F. Carlton King, Jr., W. Rhett Tanner, Atlanta, Ga., for Community Loan & Inv. Corp.

Milton W. Schober, Washington, D. C., amicus curiae (on rehearing), for Am. Credit Co. of Ga., et al.

Mark S. Medvin, Bd. of Governors of the Federal Reserve System, Washington, D. C., amicus curiae (on rehearing), for Bd.' of Governors of the Federal Reserve System.

Sewell K. Loggins, Douglas N. Campbell, Atlanta, Ga., for Beneficial Finance Co., amicus curiae.

Robert N. Dokson, Robert E. Stagg, Jr., Myron N. Kramer, Atlanta, Ga., for Atlanta Legal Aid Society, amicus curiae.

E. Lundy Baety, Atlanta, Ga., for Homer Lee Slatter and Dealeaner Hammond.

J. Norwood Jones, Jr., Lewis N. Jones, Atlanta, Ga., for Aetna Finance Co.

Allen I. Hirsch, Atlanta, Ga., for Public Finance Co.

ON PETITIONS FOR REHEARING

(Opinion Jan. 30, 1976, 5th Cir. 1976, 526 F.2d 642)

Before TUTTLE, THORNBERRY * and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Our opinion issued January 30, 1976, 526 F.2d 642,[1] interpreted the Consumer Credit Protection Act[2] and the Federal Reserve Board's implementing Truth-in-Lending Regulation,[3] as that regulation was amended by 12 C.F.R. § 226.819 (Aug. 31, 1973).[4] We concluded that the Act and Regulation as amended required the defendant Georgia lenders, who charged plaintiff borrowers a statutory non-refundable fee for making their loans, to disclose that fee as a "prepaid finance charge." Subsequent to the publication of our decision, counsel for the Federal Reserve Board advised defendants

that the interpretative regulation was intended to effect a contrary result. At the direction of the court the Board in an amicus curiae brief formally took the same position in this proceeding. In light of this unusual, if not unique, administrative and procedural posture, we have determined to grant defendants' petitions for rehearing and review our holding.

Because the three loans involved in this appeal were made to three separate borrowers by three separate lenders at three separate times, consideration must be given to this chronology of events:

May 30, 1972. Community Loan & Investment Corporation made its loan to Rose E. Jones.

November 3, 1972. The United States District Court for the Northern District of Georgia decided *Grubb v. Oliver Enterprises, Inc.*, 358 F.Supp. 970, which

* Judge Thornberry was a member of the panel in our opinion of January 30, 1976, but due to illness did not participate in this petition for rehearing. The case is decided by a quorum. 28 U.S.C. § 46(d).

1. Our ruling on this petition for rehearing has been delayed by the illness of one counsel and of one of the members of the court, as well as by the press of other court business.

2. 15 U.S.C. §§ 1601 *et seq.*

3. Federal Reserve Board, Truth in Lending Regulations (Regulation Z), 12 C.F.R. §§ 226.1 *et seq.* (1969).

4. *Id. as amended*, § 226.819 (Aug. 31, 1973). The amendment provides:

### Add-on and Discount Finance Charges as Prepaid Finance Charges

This interpretation intends to make [clear] that the typical "add-on" or "discount" charge or other precomputed finance charge on an instalment contract or other obligation need not be labeled a "prepaid" finance charge.

Part 226 of Title 12 is amended by adding the following section.

§ **226.819.** *Prepaid finance charges; add-ons and discounts.*

(a) Section 226.8(c)(6), 226.8(d)(2) and 226.8(e)(1) require that certain finance charges be disclosed as "pre-

paid finance charges." They also require that such prepaid finance charges be excluded or deducted from the credit extended in arriving at the "amount financed." The question arises whether add-on, discount or other precomputed finance charges which are reflected in the face amount of the debt instrument as part of the customer's obligation, but which are excluded from the "amount financed," must be labeled as "prepaid" finance charges.

(b) The concept of prepaid finance charges was adopted to insure that the "amount financed" reflected only that credit of which the customer had the actual use. Precomputed finance charges which are included in the face amount of the obligation are not the type contemplated by the "prepaid" finance charge disclosure concept. Although such precomputed finance charges are not to be included in the "amount financed," they need not be regarded as finance charges "paid separately" or "withheld by the creditor from the proceeds of the credit extended" within the meaning of § 226.8(e) to require labeling "prepaid" under §§ 226.8(c)(6) and 226.8(d)(2). They are "finance charges", of course, to be disclosed under §§ 226.8(c)(8) and 226.8(d)(3).

held that the Georgia loan fees under Ga.Code Ann. § 25–315(a), (b), must be disclosed as a "prepaid finance charge."

January 29, 1973. Public Finance Corporation made its loan to Dealeaner Hammond.

August 31, 1973. The Federal Reserve Board issued its interpretive amendment 12 C.F.R. § 226.819.

September 5, 1973. Aetna Finance Company made its loan to Homer Lee Slatter.

As to Rose E. Jones and Dealeaner Hammond it is immaterial that the Board, after these loans, adopted an amendment which it interprets to have an effect different from that we assigned in our opinion. Therefore, the opinion previously announced continues to require that each of these cases be reversed and remanded for further proceedings not inconsistent with that opinion.

The loan from Aetna Finance Company (Aetna) to Homer Lee Slatter, on the other hand, was made subsequent to the amendment which the Board declares was intended to exempt this type of prepaid loan fee from disclosure as a "prepaid finance charge." In Slatter's case, this circumstance creates an issue of fact which the district court must resolve. Depending upon its resolution, Aetna may have a defense under the Act.

The Board's amicus curiae brief concedes that there is no doubt that the Georgia loan fee is a part of the "finance charge" referred to in the Act and its implementing Truth-in-Lending Regulation. It asserts that the Board's *sole* purpose in requiring the additional disclosure of a "prepaid finance charge" was to assure that any part of the finance charge which served to reduce the amount of the loan proceeds actually received by the debtor would result in a reduction of the "amount financed" so as to prevent understatement of the "annual percentage rate."

This court previously concluded that requiring the disclosure of a "prepaid finance charge" in addition to the already required disclosure of the "finance charge" could only serve the purposes of (1) informing the borrower that a charge made for an item such as a loan fee would not be returned even if the loan was paid off prior to maturity, and (2) informing the borrower that he was being charged an item of expense labeled "finance charge" but which was being treated as a part of the amount financed and which would bear interest just as the loan proceeds and other portions of the amount financed.[5]

■■■■ Limiting the concept of "prepaid finance charge" as the Board now asserts it intended, renders the requirement totally meaningless. Its amicus brief admits that any such loan fee must always be a part of the "finance charge." The Consumer Credit Protection Act does not permit any part of the "finance charge" to be included as part of the amount financed. 15 U.S.C. § 1639(a)(1–3). The Truth-in-Lending Regulation is expressly to the same effect. 12 C.F.R. § 226.8(d)(1) (1969). Thus, the requirement of a separate disclosure of some finance charges as "prepaid" solely to prevent the inclusion of such charges in the amount financed is redundant and confusing. The law and the regulation already forbid this practice. Indeed, the requirement of adding a meaningless class of information to an already complicated set of words and figures thwarts rather than implements the Act's requirement of meaningful disclosure.

15 U.S.C. § 1640(f) provides:

No provision of this section or [15 U.S.C. § 1611] imposing any liability shall apply to any act done or omitted in good faith in conformity with any rule, regula-

---

5. In each instance the Georgia loan fee was included in the total amount of the note upon which the lenders charged statutory interest. This interest-on-interest element of the Georgia loan fee arrangement, Ga.Code Ann. § 25– 315(a), (b) (1976), we concluded, deserved and must have been intended to receive separate disclosure status as a prepaid finance charge to separate it from other finance charges which did not have this compound effect.

tion, or interpretation thereof by the Board, notwithstanding that after such act or omission has occurred, such rule, regulation, or interpretation is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

Notwithstanding that the Board's construction renders its requirement to disclose "prepaid finance charges" meaningless, it is the Board's construction, and the words used are certainly susceptible of the construction placed upon them by the Board. If Aetna cast its disclosure to Slatter in good faith to conform its practices with the Board's interpretation of its amendment, Aetna is free from liability under Section 1640(f). Our judicial declaration that the Board's interpretation is meaningless, and in fact contrary to the statutory scheme, does not change this. *See Ives v. W. T. Grant Co.,* 522 F.2d 749, 758–59 (2d Cir. 1975). While Aetna did not plead the defense permitted by Section 1640(f), it did not waive its rights now to urge this position because the statute was not enacted until October 28, 1974, which was subsequent to the responsive pleading in this case, and Congress has determined that Section 1640(f) shall be available here on appeal. Amendments to the Truth-in-Lending Act, Pub.L. No. 93–495, § 408(e) (amending 15 U.S.C. § 1640), *reprinted in* [1974] U.S.Code Cong. & Ad.News pp. 1744, 1746.

■ We are pointed to three letters written by staff members of the Federal Reserve Board, published in a reporting service,[6] which are claimed to have warranted the practice Aetna followed here even before 12 C.F.R. § 226.819 (1973) was issued. Such letters, however, are not rules, regulations, or interpretations within the meaning of Section 1640(f), *Pennino v. Morris Kirschman & Co.,* 526 F.2d 367, 371 n.8 (5th Cir. 1976), and cannot form the basis for claiming the statutory defense. As our prior opinion and *Grubb* made clear, both the Consumer Credit Protection Act and the Truth-in-Lending Regulation required that the Georgia loan fee be disclosed as a "prepaid finance charge." Thus, prior to the Board's promulgation of 12 C.F.R. § 226.819 (1973), omission of this disclosure was inconsistent with both law and regulation.

■ A fact question remains which the district court should resolve: Did Aetna in good faith conform its practice to that contemplated under 12 C.F.R. § 226.819 (1973) issued 6 days previous to its loan to Slatter or did it not disclose the amount of the Georgia loan fees to Slatter because it simply continued to follow a prior improper practice? In resolving this question, evidence of Aetna's prior practice as well as any memoranda or instructions implementing a change conforming to 12 C.F.R. § 226.819 (1973) could be pertinent. We do not intend to limit the district court's inquiry to the two factors stated, nor do we intimate any view as to how the issue should be determined.

If the district court finds that Aetna conformed its practice to the amendment, then Aetna is entitled to the exemption from liability provided by Section 1640(f). If the district court so finds, it shall certify the findings and conclusions supporting such decision to this court to permit the resolution of the remaining issues raised in this present appeal which this panel now pretermits. If, on the contrary, the district court determines the statute is not applicable to the Aetna loan to Slatter, the judgment appealed from will stand reversed, and the district court should proceed to finalize Slatter's litigation in the same manner as provided for the Jones and Hammond cases. This court does not retain jurisdiction.

The Judgments appealed from in Jones (Cause No. 74–3586) and in Hammond (Cause No. 74–4183) are REVERSED AND REMANDED.

The appeal in Slatter (Cause No. 74–3975) is REMANDED WITH DIRECTIONS.

---

**6.** The three staff letters upon which the defendants claim to rely may be found at [1970] 5 Cons.Cred.Guide (CCH) ¶¶ 30560, 30581; [1972] *id.* ¶ 30794.