Hassie Duran HOWELL,
Plaintiff-Appellee,

v.

MARMPEGASO COMPANIA NAVIERA,
S.A. and A.B.C. Company,
Defendants-Appellees.

J. P. Florio & Co., Inc., Third-Party
Defendant-Appellant.

No. 77–2901.

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1978.

Stuart A. McClendon, W. Frederick Denkman, Metairie, La., for Florio.

Melvyn J. Perez, Chalmette, La., Charles J. Ferrara, Metairie, La., for Hassie Duran Howell.

William A. Ransom, III, New Orleans, La., for Marmpegaso.

Charles R. Maloney, New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, RONEY and RUBIN, Circuit Judges.

BY THE COURT:

Plaintiff Howell seeks an order dismissing the appeal of third-party defendant J. P. Florio & Co., Inc., contending, *inter alia,* that notice of appeal was not timely filed. Finding no merit in Howell's contentions, we deny the motion.

This is Florio's second appeal in this case. In his original appeal, this Court found the $150,000 jury award excessive and directed the district court to require a remittitur to the outer limits of the proof or, at the option of plaintiff Howell, to grant a new trial. *Howell v. Marmpegaso Compania Naviera, S.A.,* 536 F.2d 1032 (5th Cir. 1976). Pursuant to these instructions, the district court entered a reduced judgment on May 31, 1977.

On its face the May 31 judgment would appear to be a final decision of the district court, appealable to this Court under 28 U.S.C.A. § 1291. Under the terms of this Court's mandate, however, Howell was authorized to reject the remittitur and insist on a new trial. Until he accepted the remittitur, the judgment remained "open, unfinished [and] inconclusive." *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Thus, Howell's June 13 acceptance of the remittitur rendered the judgment final and appealable, and actuated the 30-day time limit within which notice of appeal must be filed. Fed. R.App.P. 4(a). *See United States v. Schaefer Brewing Co.,* 356 U.S. 227, 232–233, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958).

On June 23, 1977, Florio served within the 10 days of the judgment becoming final, as required by Fed.R.Civ.P. 59(e), a motion to amend the judgment, which terminated the running of the 30-day time limit. Fed.R.App.P. 4(a). The motion to amend was granted in part and denied in part, and the court's order was entered on July 22, 1977.

Although under Fed.R.App.P. 4(a) Florio had but 30 days from July 22 in which to file his notice of appeal, Fed.R. App.P. 26(a) requires that in computing any period of time prescribed by the rules, "[t]he last day of the period shall be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period extends until the end of the next day which is not a Saturday, Sunday or a legal holiday." The thirtieth day fell on Sunday and is thus not included in the time computation. Florio filed notice of appeal on Monday, August 22. Thus the notice of appeal was timely filed.

Howell has also filed a motion to dismiss the appeal of defendant Marmpegaso Compania Naviera, S.A. For the reasons set forth above, that appeal is also timely. The other contentions of Howell on the motion to dismiss are without merit.

The motions to dismiss the appeals are DENIED.