**Dealeaner HAMMOND, Plaintiff-Appellant,**

v.

**PUBLIC FINANCE CORPORATION, Defendant-Appellee.**

No. 77–2983

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 2, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

E. Lundy Baety, Atlanta, Ga., for plaintiff-appellant.

Allen I. Hirsch, Charles L. Gregory, Atlanta, Ga., for defendant-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Plaintiff in this Regulation Z, Truth in Lending case seeks a larger attorney's fee than that awarded against the defendant. A decision against the plaintiff on the merits was previously reversed and remanded by this Court. *Jones v. Community Loan & Investment Corp. of Fulton County*, 526 F.2d 642 (5th Cir.), aff'd·as to plaintiff *Hammond on rehearing*, 544 F.2d 1228 (5th Cir. 1976), *cert. denied*, 431 U.S. 934, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977).

On March 4, 1977, after remand, plaintiff moved for the entry of final judgment and attorney's fees. On June 22, 1977, the district court ordered that she be awarded attorney's fees of $2,000 in addition to the statutory penalty, and final judgment was entered on June 23, 1977. On July 5, 1977, plaintiff served and filed a motion pursuant to Rule 59(e), Fed.R.Civ.P., for the district court to reconsider the award of attorney's fees, which was denied on July 28, 1977. On August 26, 1977, she filed notice of appeal from the order of July 28.

Defendant contends that the order of the district court denying the motion to reconsider is not an appealable order and, in the alternative, that if the order is appealable, the trial court did not abuse its discretion in awarding a reasonable attorney's fee for the amount of work done by her attorneys on the case.

We hold that this court has jurisdiction over this appeal. A timely motion under Rule 59(e) to alter or amend a judgment suspends the finality of·the judgment for purposes of appeal and tolls the time for taking an appeal. Fed.R.App.P. 4(a); 6A Moore's Federal Practice ¶ 59.15[4], at 59–293 (2d ed. 1974). Here the period of appeal was tolled from July 5, 1977, when

plaintiff filed her Rule 59(e) motion, until July 28, 1977, when the motion was denied. Final judgment was entered on June 23, 1977, and since July 3 was a Sunday and July 4 a legal holiday, the motion served and filed on July 5 was timely. Fed.R. App.P. 26(a); *cf. Allen v. Ault*, 564 F.2d 1198 (5th Cir. 1977). Notice of appeal filed August 26, 1977, was timely since the full 30-day period for appeal started to run anew from the entry of the court's July 28 order. Fed.R.App.P. 4(a); *see Howell v. Marmpegaso Compania Naviera, S.A.*, 566 F.2d 992 (5th Cir. 1978).

Although the notice of appeal does indicate it to be an appeal from the order denying reconsideration of the judgment, it is apparent that plaintiff seeks to appeal the final judgment entered on June 23, 1977.

■ This court has, in certain limited situations, entertained appeals erroneously noticed from nonappealable orders. Where it clearly and obviously appears from the record as a whole that the intent was to appeal from the judgment rather than the order denying the motion, that intent will be given effect. *United States v. Stromberg*, 227 F.2d 903 (5th Cir. 1955); *Atlantic Coast Line R. Co. v. Mims*, 199 F.2d 582 (5th Cir. 1952).

■ As to the appeal on the merits, we affirm the district court because there does not appear to have been any abuse of discretion in the setting of the attorney's fees.

AFFIRMED.