Joy Ellen SMATHERS,
Plaintiff-Appellant,

v.

FULTON FEDERAL SAVINGS AND
LOAN ASSOCIATION,
Defendant-Appellee.

No. 80–7542.

United States Court of Appeals,
Fifth Circuit.
Unit B

Aug. 17, 1981.

Rehearing and Rehearing En Banc
Denied Nov. 2, 1981.

---

978

Bowen, Derrickson, Goldberg & West, Daniel Dwight Bowen, Atlanta, Ga., for plaintiff-appellant.

Hansell, Post, Brandon & Dorsey, W. Rhett Tanner, Atlanta, Ga., for defendant-appellee.

Before TUTTLE, RONEY and ANDERSON, Circuit Judges.

TUTTLE, Circuit Judge:

This is a Truth in Lending Act case in which the borrower appeals from a summary judgment entered in favor of the lender by the trial court.

The complaint attacks the disclosure statement prepared by the lender in two respects: (1) The statement failed to disclose the fact that the borrower waived her homestead exemption; (2) the statement said: "After-acquired property may be subject to the deed to secure loan," whereas, the deed to secure loan clearly subjected after-acquired property characterized as "fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto" to the security deed. The borrower contends that the disclosure statement should have shown that "after-acquired property *will* be subject to the deed to secure loan."

■ With respect to the failure to include a statement with respect to the waiver of homestead, the lender contends that the inclusion of such a provision in the security deed itself, which is specifically referred to on the face of the disclosure statement, adequately meets the requirements of Regulation Z, § 226.8(b)5. This contention is based upon the regulation which says:

A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates or, if such property is not identifiable, an explanation in the manner in which the creditor retains or may acquire a security interest in such property which the creditor is unable to identify. In any such case where a clear identification of such property cannot properly be made on the disclosure statement due to the length of such identification, the note, other instrument evidencing the obligation, or separate disclosure statements shall contain a reference to a separate pledge agreement, or a financing statement, mortgage, deed of trust, or similar document evidencing the security interest, a copy of which shall be furnished to the customer by the creditor as promptly as practicable. If after acquired property will be subject to the security interest or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired....

The lender contends that the language "in any such case where a clear identification of such property cannot properly be made on the disclosure statement due to the length of such identification, the note, other instrument evidencing the obligation, or separate disclosure statement shall contain a reference to a separate pledge agreement", etc. permits the inclusion of the homestead waiver on the security deed only without its being included on the disclosure statement. This argument overlooks the distinction between the two things that are required by Regulation Z, § 226.8(b)5: The first is a description or identification of the type of any security interest held, whereas, the other one is identification of the property to which the security interest relates. It is only the identification of the property to which the security interest relates that may be set out at length in the security instrument without any obligation to include it on the disclosure statement. There is nothing in this regulation that excuses a lender from including on the disclosure statement "a description or identification of the type of any security interest held." This could be done, in this instance, of course, by simply stating the few words in paragraph 8 of the disclosure statement: "Borrower hereby waives all right of homestead exemption in the property."

■ However, this does not end the matter, for we conclude that there was no obligation of the lender to include such a statement on this particular instrument, because under the Georgia law, a borrower may not claim his homestead exemption against a purchase money security deed holder. Thus, for this particular transaction, it was not required that the lender include the statement as to the homestead waiver, because such a waiver is already provided under the Georgia statute. Ga. Code Ann. § 51–1502 (1925); *Moseman v. Comer*, 160 Ga. 106, 127 S.E. 406. The law does not require that a lender include as a security interest on the disclosure statement anything which has no value to the borrower. "We are confident in concluding that neither the TILA nor Regulation Z require [sic] Western Pacific to disclose a non-existent security interest." *Williams v. Western Pacific Financial Corp.*, 643 F.2d 331, 335 (5th Cir. 1981).

■ With respect to the question whether the disclosure agreement should have used the word "will" instead of "may" as to the security interest in after-acquired property, we are faced with a difficult decision. In *Pollock v. General Finance Corp.*, 535 F.2d 295 (5th Cir. 1975), we said:

Next, we consider whether General Finance failed to properly disclose that appellee's after acquired property would be subject to appellant's security interest. As we have indicated above, section 226.-8(b)5 requires disclosure of the fact that "after acquired property *will* be subject to the security interest." ... (Emphasis added.)

535 F.2d 395 at 299. This language was used in a case that involved a small loan secured by household goods, and the court was most concerned by the fact that the disclosure statement did not indicate that, with respect to household goods, sometimes referred to as "commodities," the Georgia statute limits the right of a creditor to claim the security of after-acquired property only if such property is acquired within 10 days of the execution of the promissory note. Nevertheless, as we read *Pollock*, it is plain that this Court did hold that in such a note, a statement that the secured agreement "may cover after acquired property" was insufficient when the pertinent language of the security agreement indicates that a security interest "would be retained in 'all of the household and consumer goods, etc.' "

The recent Supreme Court case of *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980), causes us to refer to a letter issued by the assistant director of the Federal Reserve Board on May 28, 1976, just prior to the opinion of this Court dated July 16, 1976. This letter, undertaking to construe Regulation Z, § 226.8(b)5 stated:

A simple disclosure of the fact that after acquired property may be subject to the security interest would be sufficient to comply with the clear language of Section 226.8(b)5, without an explanation of the various conditions and limitations on such interests which may be imposed by the applicable state law.

Excerpts from FRB Letter of May 28, 1976, No. 1053, by Jerauld C. Kluckman, Assistant Director.

We would not normally feel it appropriate to disregard the holdings by this Court in *Pollock* if we did not conclude that the Supreme Court in *Milhollin* has set down a new standard which we apply to the weight given by the courts to interpretative opinions by the staff of the Federal Reserve Board. In *Pollock*, the just issued letter was not mentioned. It would seem that it was not called to the attention of this Court. However, even if it had been, the weight we would normally give to a staff opinion of the Federal Reserve Board was of a much different quality than we are now required to give in light of *Milhollin*. In *Jones v. Community Loan & Investment Corp.*, 544 F.2d 1228, 1232 (5th Cir. 1976) (on petition for rehearing), we pointed out the different effect between rules, regulations or interpretations of 15 U.S.C. § 1640(f) and letters written by staff members of the Federal Reserve Board. *See also McDaniel v. Fulton National Bank*, 571 F.2d 948 (5th Cir. 1978), where at p. 950 we said:

We are sustained in the above conclusions by recent Federal Reserve Board official staff interpretation. Such pronouncements, it is said, are entitled to deference from us, and we agree. (Footnotes omitted.)

Now, however, the Supreme Court has said in *Milhollin*:

At the very least, that caution requires attentiveness to the views of the administrative entity appointed to apply and enforce a statute. And deference is especially appropriate in the process of interpreting the Truth in Lending Act and Regulation Z. *Unless demonstrably irrational*, Federal Reserve Board staff opinions construing the Act or Regulation should be dispositive for several reasons.

The Court has often repeated the general proposition that considerable respect is due "the interpretation given [a] statute by the officers or agency charged with its administration." *Zenith Radio Corp. v. United States*, 437 U.S. 443, 450 [98 S.Ct. 2441, 2445, 57 L.Ed.2d 337] (1978), quoting *Udall v. Tallman*, 380 U.S. 1, 16 [85 S.Ct. 792, 801, 13 L.Ed.2d 616] (1965); *see, e. g., Power Reactor Co. v. Electricians*, 367 U.S. 396, 408 [81 S.Ct.

1529, 1535, 6 L.Ed.2d 924] (1971). An agency's construction of its own regulations has been regarded as especially due that respect. *See Bowles v. Seminole Rock Co.*, 325 U.S. 410, 413–414 [65 S.Ct. 1215, 1217, 89 L.Ed. 1700] (1945). This traditional acquiescence in administrative expertise is particularly apt under TILA because the Federal Reserve Board has played a pivotal role in "setting [the statutory] machinery in motion...." *Norwegian Nitrogen Products Co. v. United States*, 288 U.S. 294, 315 [53 S.Ct. 350, 358, 77 L.Ed. 796] (1933). As we emphasized in *Mourning v. Family Publications Service*, 411 U.S. 356 [93 S.Ct. 1652, 36 L.Ed.2d 318] (1973), Congress delegated broad administrative lawmaking power to the Federal Reserve Board when it framed TILA. The Act is best construed by those who gave it substance in promulgating regulations thereunder. (Footnote omitted.) [Emphasis added.] 444 U.S. at 566, 100 S.Ct. at 797.

We conclude that this new statement by the Court as to the weight with which we must view interpretative acts by the staff of the Federal Reserve Board requires us to conclude that as to the argument between the use of "may vs. will" the *Pollock* case can no longer be considered a binding precedent. We, therefore, conclude the trial court did not err in holding that the lender could not be faulted because it did not use the unconditional word "will" in its disclosure statement instead of "may."

■ The appellant's final ground of complaint here is that the security deed pledged future acquired personal property as security for the debt. She relies on the limitation contained in the Georgia statute, Ga. Code Ann. § 109A–9–204(2), to the effect that consumer goods may not be made subject to a deed to secure debt unless they are acquired within 10 days of the execution of the deed. The trial court found that the terms of the security deed with which we are concerned did not pledge any consumer goods and that, therefore, the Georgia statute did not apply. We agree with this conclusion.

The deed to secure debt provided:

[A]ll the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, *and all fixtures now and hereafter attached to the property*, all of which, *including replacements and additions thereto*, shall be deemed to be and remain a part of the property covered by this deed; in all of the foregoing, together with said property (or the lease hold estate if this deed is on a lease hold), are herein referred to as the "Property." [Emphasis added.]

The security interest in this deed as described in the habendum clause make it plain that only "fixtures now or hereafter attached to the property, ... including replacements and additions thereto" could possibly by claimed by the appellant to be such commodities as are protected under the Georgia statute. However, since the same clause of the contract declares that all such fixtures "shall be deemed to be and remain a part of the property covered by this deed" it is clear that they are to be treated as realty and not as personal property. We, therefore, conclude that the security deed did not pledge any after-acquired personal property as security for the debt. *Cf. Williams v. Western Pacific Financial Corp.*, 643 F.2d 331, 335 (5th Cir. 1981).

We conclude that the trial court did not err in entering a summary judgment for the defendant.

The judgment is AFFIRMED.