**Anna Louise LEFLER, Plaintiff,**

v.

**KENTUCKY FINANCE COMPANY, INC., Defendant.**

Civ. A. No. C 81–0401 L(A).

United States District Court,
W. D. Kentucky,
Louisville Division.

March 5, 1982.

David Friedman, Legal Aid Soc., Inc., Shelbyville, Ky. (now consolidated with Legal Aid Soc., Louisville, Ky.), for plaintiff.

J. R. Bartholomew, Richard Hill, Louisville, Ky., Philip E. Wilson, Kincaid, Wilson, Schaeffer & Hembree, Lexington, Ky., for defendant.

## MEMORANDUM OPINION

ALLEN, Chief Judge.

This action is submitted to the Court on the cross-motions of the parties for summary judgment. The action is brought pursuant to 15 U.S.C. Sec. 1601 et seq., and more particularly to 15 U.S.C. Sec. 1640(e). These sections are parts of the Consumer Credit Protection Act, but are generally referred to as the "Truth-in-Lending Act."

On July 18, 1980, the plaintiff entered into a consumer credit transaction with the defendant involving the loan of money to her and the taking of a security agreement by the defendant. Plaintiff prayed for judgment in her complaint in the amount of $679.54, which sum is twice the amount of the finance charges.

The disclosure statement furnished by the defendant to the plaintiff reveals one violation of the Truth-in-Lending Act and of Regulation Z, 12 C.F.R. Sec. 226.8(b)(5). The violation arises out of the fact that the disclosure statement provides that the rebate for prepayment in full shall be made in accordance with the Rule of 78's. The loan note itself, however, provides that upon prepayment in full, the borrower shall receive a refund of charges in accordance with the provisions of K.R.S. 288.530.

K.R.S. 288.530(6) provides as follows:

"If the contract of loan is prepaid in full by cash, a new loan or otherwise before the final installment date, the portion of the charges applicable to the full installment periods following the installment date nearest the date of prepayment shall be refunded. . . ."

While the courts have held that the Rule of 78's may be used in connection with a consumer credit transaction if disclosed in the disclosure statement, that holding is conditioned upon the fact that the legislature of the state in which the transaction took place had approved the use of the Rule of 78's in such transactions. See *Gantt v. Commonwealth Loan Company*, 573 F.2d 520 (8th Cir. 1978).

In the case at bar the Kentucky Legislature has not adopted the Rule of 78's. It follows, therefore, that defendant has placed in the disclosure statement information which is utilized so as to mislead or confuse the consumer, see 12 C.F.R. 226.-6(c). When this occurs and where the creditor has claimed rights under the disclosure statement which state law does not allow, a violation of the Truth-in-Lending Act occurs, see *Gennuso v. Commercial Bank &*

*Trust Company,* 566 F.2d 437 (3rd Cir. 1977) and *Houston v. Atlanta Federal Savings & Loan Association,* 414 F.Supp. 851 (N.D. Ga. 1976). The disclosure statement states that:

"Security for this loan is a note and credit insurance for which a charge is made, and unless checked ( . . . no other security) a security interest in all household goods and other personal property owned by debtors and located at their above address, including and without limitation, the following specific items . . . ."

 Plaintiff contends that the security interest disclosure is defective in that it does not state whether it is a mortgage or an interest under the Uniform Commercial Code, but merely is certified as a security interest. Regulation Z, 12 C.F.R. 226.2(gg) lists nine different types of security interests.

Defendant relies on the cases of *Drew v. Flagship First National Bank of Titusville,* 448 F.Supp. 434 (M.D. Fla. 1977) and *Martinez v. Idaho First National Bank,* 509 F.Supp. 773 (D. Idaho 1981) which hold that it is not necessary for a creditor to disclose the fact that it holds a security interest under the Uniform Commercial Code. In *Drew* the court relied substantially on a staff letter dated November 22, 1976 which states as follows:

"Staff believes that this provision of the regulation does not require creditors to provide a detailed statement of the type of interest acquired or a citation to any specific statutory provision pursuant to which the security interest is obtained."

The holdings of *Drew* and *Martinez* are persuasive and the Court, therefore finds that no violation occurred in this connection.

Finally, plaintiff contends that defendant has failed to disclose that the security interest will secure future indebtedness. It appears that the disclosure statement states, in effect, that the creditor may retain a security interest in the secured property in future dealings if further advances are made. The security interest itself states that the security agreement and the financing statement secure future advances not to exceed the sum of $2,000. There is, therefore, a difference in terms between the statement made in the disclosure agreement and the rights set out in the security agreement. However, the defendant cites *Smathers v. Fulton Federal Savings and Loan Association,* 653 F.2d 977 (5th Cir. 1981) as holding that the procedure followed by it does not constitute a violation of the Truth-in-Lending Act.

The decision in *Smathers, supra,* is clear and explicit and is to the effect that a disclosure statement may be couched in conditional terms as to the acquisition of after-acquired property despite the fact that the pertinent language of the security agreement is unconditional, therefore, *Smathers* is authority upon which defendant may properly rely.

We have this day entered our judgment in the amount prayed for by the plaintiff in light of our holding as to the violation committed in connection with the Rule of 78's. The plaintiff is, of course, entitled to an award of attorney's fees and court costs, see 15 U.S.C. Sec. 1640(e), and if the parties are unable to agree within two weeks as to the amount of the fee, they shall advise the Court and a schedule will be set up to dispose of that matter.

A non-appealable judgment will be entered this day.