ELLIS, Judge:
This is a suit for a deficiency judgment by Ford Motor Credit Company against Booker T. Knighten and Julia S. Knighten, whose automobile had been previously seized and sold by executory process. Julia S. Knighten answered, denied liability on the ground that certain disclosures required by the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., had not been properly made on the original automobile retail installment contract, and reconvened for damages arising from that alleged failure.
Plaintiff then moved for summary judgment on the principal and reconventional demands, attaching thereto an affidavit attesting to the balance due on the indebtedness. No counter affidavits were filed, and defendants’ counsel waived his appearance at the hearing on the motion. Summary judgment was signed rejecting the recon-ventional demand and giving plaintiff judgment as prayed for on the main demand. From that judgment, Julia S. Knighten has appealed.
Mrs. Knighten bases her argument on the fact that the contract did not specifically disclose the amount of the sales tax. She argues that under 15 U.S.C. § 1605(d)(3), the sales tax must either be included in the finance charge or separately itemized, but that, in this case, the sales tax was included in the cash price of the automobile. It is argued that this does not satisfy the requirements of the law.
Plaintiff answers the above argument by pointing out that Federal Reserve Board Regulation Z, Section 226.4(b)(3), which implements 15 U.S.C. § 1605(d)(3), requires only that “taxes not included in the cash price” be included in the finance charge or separately itemized.
15 U.S.C. § 1605(d)(3) provides:
*402 “d. If any of the following items is itemized and disclosed in accordance with the regulations of the Board in connection with any transaction, then the creditor need not include that item in the computation of the finance charge with respect to that transaction:

“(3) Taxes.”
Federal Reserve Board Regulation Z, § 226.4, entitled “Determination of finance charge”, provides, in part, as follows:
“(a) Except as otherwise provided in this section, the amount of the finance charge in connection with any transaction shall be determined as the sum of all charges, payable directly or indirectly by the customer, and imposed directly or indirectly by the creditor as an incident to or as a condition of the extension of credit, whether paid or payable by the customer, the seller, or any other person on behalf of the customer to the creditor or to a third party, including any of the following types of charges:
“(1) Interest, time price differential, and any amount payable under a discount or other system of additional charges.”

“(b) Itemized charges excludable. If itemized and disclosed to the customer, any charges of the following types need not be included in the finance charge:

“(3) Taxes not included in the cash price.”
Regulation Z, § 226.2(n) provides:
“ ‘Cash price’ means the price at which the creditor offers, in the ordinary course of business, to sell for cash the property or services which are the subject of a consumer credit transaction. It may include the cash price of accessories or services related to the sale ..., and may include taxes to the extent imposed on the cash sale, but shall not include any other charges of the types described in § 226.4.”
It is apparent from the above that the sales tax may be included in the cash price of the transaction, and need not be separately disclosed or included in computing the finance charge. There is no merit to defendant’s argument to the contrary. Our finding herein is consistent with an unofficial staff interpretation of the above regulations, as revealed by FRB letter of April 5, 1979, No. 1338, by Glenn E. Loney, Section Chief, C.C.H. Consumer Credit Guide Reporter, Volume V at 67,030. See also Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980), which states that the constructions placed on its own regulations by the Federal Reserve Board, and its staff, are entitled to “considerable respect” and Smathers v. Fulton Federal Sav. and Loan Ass'n, 653 F.2d 977 (5th Cir. 1981), which gives the same respect to unofficial staff opinions.
The judgment appealed from is therefore affirmed at appellant’s cost.
AFFIRMED.