**CITY OF GRAND FORKS, a Municipal Corporation, Plaintiff and Appellant,**

v.

**Henry G. HENDERSON, Defendant,**

**Vernon A. Christianson; Robert Boyd McKee, and All Persons Unknown Claiming Any Estate or Interest In, or Lien or Encumbrance Upon, the Real Estate Described in the Complaint, Defendants and Appellees.**

**Civ. No. 9805.**

Supreme Court of North Dakota.

Oct. 7, 1980.

Robert B. Hunter, Grand Forks, for plaintiff and appellant; appeared only on briefs. No personal appearance was made, allegedly because of motor vehicle difficulties on his way to Bismarck.

Feidler & Feidler, Grand Forks, for defendant.

William W. Essling and Thomas M. Quayle, St. Paul, Minn., for defendants and appellees; argued by William W. Essling, St. Paul, Minn.

SAND, Justice.

Henderson moved to dismiss the appeal of the City of Grand Forks on the grounds that the appeal was not filed within the period provided for in Rules 3 and 4 of the North Dakota Rules of Appellate Procedure.

In the basic eminent domain action the jury reached a verdict in the amount of $128,000.00. The judgment for this amount, together with costs and attorney's fees in the amount of $44,569.26, was filed with the clerk of court on 12 Dec. 1979. The notice of entry of judgment and the notice of retaxation of costs[1] dated 13 Dec. 1979 with admission of service by opposing counsel on 3 Dec. 1979[2] were filed with the clerk of court on 21 Dec. 1979.

Objections to costs including attorney's fees allowable pursuant to § 32-15-32, North Dakota Century Code, and replies to objections were filed, whereupon proceedings for retaxation of costs pursuant to Rule 54(e) and (f) of the North Dakota Rules of Civil Procedure, were held on 28 Jan. 1980. The court issued its retaxation of costs order reducing the costs and attorney's fees to $20,294.26 on 26 Mar. 1980 and service was admitted thereon by plaintiff's attorney on the same date. The basic judgment was amended accordingly on 26 Mar. 1980. It was again amended on 31 Mar. 1980 reducing costs and attorney's fees to $19,326.42. The attorney for the plaintiff City of Grand Forks admitted service of the notice of the entry of the amended order on taxation of costs and amended judgment on 31 Mar. 1980. The only changes to the judgments pertained to costs and attorney's fees. The notice of appeal which was "from the final judgment entered in this action on the 31st day of March 1980" was filed with the clerk of court on 7 May 1980.

■ The right to appeal is statutory. *Huso v. Bismarck School Board*, 219 N.W.2d 100 (N.D.1974). Sections 28-27-01 and 28-27-02, NDCC, set forth what is appealable,

and Rules 3 and 4, NDRAppP provide how and the time within which an appeal must be taken. The rules are very similar to the federal rules from which they were adapted.

■ Costs including attorney's fees as allowed by law are taxed as part of the judgment. Section 28-26-06,[3] NDCC. We are therefore concerned with the judgment.

Our primary concern is whether or not the appeal from the judgment was timely. Rule 4(a), NDRAppP, provides that an appeal in a civil case must be taken within 60 days from service of notice of entry of judgment, and for excusable neglect within 90 days. It also provides that the time will be tolled upon "granting or denying a motion under Rule 59 to alter or amend the judgment." We have said that the time prescribed by rule within which an appeal may be taken from a judgment is mandatory and jurisdictional. *Cottle v. Kranz*, 231 N.W.2d 777 (N.D.1975). We also said that to come within the provisions of the last sentence of Rule 4(a), NDRAppP, the appellant must apply to the trial court for an extension of time within which to file an appeal within the 90 days of the date of the service of the entry of judgment or order appealed from. *Cottle v. Kranz, supra.* In *Dehn v. Otter Tail Power Co.*, 248 N.W.2d 851 (N.D.1976), we said the 90-day limit, not the 60 day limit for filing notice of appeal, is jurisdictional. Between the 60-day period and the 90 day period excusable neglect must be shown to extend the filing within the 90 day period. *Dehn v. Otter Tail Power Co., supra.* In *Huso, supra*, we observed that the court was required to

---

1. A notice of retaxation dated 13 Dec. 1979 stated that defendants will apply to the clerk of court on 21 Dec. 1979 to retax costs.

2. The notice was dated 13 Dec. 1979 but admission was on 3 Dec. 1979. Apparently, a mistake was made as to the date but it is not significant in our resolution of the issue we have before us.

The basic issue that we have before us is when does the time for appeal begin to run where a judgment has been amended only as to costs, including reasonable attorney's fees that were allowed. Does time begin anew after the

entry of the amended judgment or does it begin with the initial entry of judgment? A related question is, does a motion or proceeding to alter or amend a judgment only on costs including reasonable attorney's fees come within the provisions of Rule 59, NDRCivP?

3. Section 28-26-06, NDCC, is erroneously listed as superseded by Rule 54(e), NDRCivP, because the rule provides that costs and disbursements shall be allowed as provided by statute. This is a clear indication that the statute was not superseded.

consider timeliness of an appeal sua sponte because it was jurisdictional.

The judgment in the instant case allowing attorney's fees as authorized by § 32 15–32, NDCC, is not a nonappealable interlocutory order as was the case in *State ex rel. Olson v. Nelson,* 222 N.W.2d 383 (N.D. 1974).

Case law on the appealability of judgment on only costs without making any other adjudication is conflicting. See 54 A.L.R.2d 927 and Later Case Service supplementing Volume 49–55, A.L.R.2d, page 626. The judgment in the instant case involves more than only costs. It involves attorney's fees. In some states a judgment allowing attorney's fees or master fees generally is appealable. 54 A.L.R.2d 937.

In the instant case, the judgment allowing attorney's fees was not interlocutory. The second amended judgment dated 31 Mar. 1980, with notice of entry of judgment on the same date, was final and made a complete adjudication of the subject matter under consideration, including the costs and attorney's fees, leaving nothing for the court to do but to superintend ministerially the execution of the judgment.

Having reached this conclusion, we must determine if proceedings to amend the judgment resulting in the judgment being amended constituted a motion under Rule 59(j), NDRCivP, to amend or alter the judgment tolling the time for appeal from the notice of entry of the first judgment to the notice of entry of the second amended judgment. If the proceedings are considered the equivalent of a motion to amend the judgment (Rule 59 motion) or if in fact such motion instituted the proceedings, then the appeal was timely. The substance of a matter, rather than the title, should be controlling unless strong countervailing reasons exist.

Appellant's brief states an agreement by telephone was reached with Robert Fiedler, one of the attorneys for the appellee, that the retaxation of costs and, specifically, the attorney's fees are matters which will be submitted to the judge rather than to the clerk of court.

■ The appellee's briefs do not contradict or refute this, and the record is silent on this matter. If the appellant had appeared for oral argument this peripheral issue probably could have been resolved. However, our opinion does not rest on this item alone. The record is also silent on the question whether or not an objection was made that the retaxation of costs, including attorney's fees, and the proceeding to amend the judgment, were initiated within the ten day requirement set out in Rule 59, NDRCivP. The record does not disclose that any objection as to the timeliness was made at any time. The record reflects that the court proceeded and, as a result, the judgment was amended reducing attorney's fees by a substantial amount. The timeliness of the proceedings before the district court were ·not challenged and therefore may not be raised for the first time on appeal. As a result we will not consider the timeliness of the proceedings in district court resulting in the amendment of the judgment.

Rules 3 and 4, NDRAppP, and Rule 59, NDRCivP, were adapted or modeled after the federal rules, consequently the interpretation and construction placed upon these rules by the federal courts are of great help, if not persuasive. In *Hammond v. Public Finance Corporation,* 568 F.2d 1362 (5th Cir. 1978), the court had under consideration the effect of a motion to alter or amend a judgment pertaining to attorney's fees. The court concluded that the timely motion to alter or amend a judgment suspends finality of judgment for purposes of appeal and tolls the time for taking appeal. In effect, the court held that the appeal begins to run after the amended judgment was entered or, in the alternative, if a motion to amend a judgment was made when the motion was denied. *Accord, Farmington Dowel Prods. Co. v. Forster Mfg. Co.,* 421 F.2d 61 (1st Cir. 1970). This ruling was based on Federal Rules of Procedure 59(e)[4] and Federal Rules of Appellate Procedure 4(a).

---

4. North Dakota Rule 59(j) is the same as Federal Rule 59(e).

The concept expressed in the *Hammond* case is supported in the Annotations found in 21 A.L.R.2d 285 and the cases cited in A.L.R.2d Later Case Service supplementing Volumes 19–24, on page 354, and by 9 Moore's Federal Practice (2d ed.) ¶ 204.-12[1], on page 4–66, and in the supplement thereof, and supplement of 6A Moore's Federal Practice ¶ 59.15[4], 59–293, page 210.

The reasoning of the federal court is meritorious. We must recognize that attorney's fees and costs are an integral part of the judgment unless they are set out in a separate and distinct judgment, which generally is not the case in this State. We must also recognize that generally where an appeal is filed the trial court loses jurisdiction. Therefore, if a motion to amend judgment relating to costs or to attorney's fees is not considered a Rule 59, NDRCivP, motion to alter or amend the judgment a perplexing dilemma could result because the appellant would be required to take an appeal within the original period of time (60 days, with excusable neglect 90 days) at which time the trial court would lose its jurisdiction and would not be in a position to entertain a motion for modification or alteration of judgment relating to costs or attorney's fees. We doubt that motion to modify or amend a judgment relating to costs and attorney's fees ordinarily would be accomplished within the 60 days, with excusable neglect 90 days, unless promptly filed and processed.

■ If an appeal were taken without first allowing the trial court an opportunity to rule on the reasonableness of the costs or attorney's fees the appellate court would be asked to rule without having the views of the trial court which is not fair to the trial court. In some instances it would actually force an appeal because of the time factor. However, if a motion to amend a judgment, including a motion to amend a judgment relating to costs and attorney's fees, is considered a Rule 59 motion terminating the time for appeal, then these problems would be eliminated. We believe that the ends of justice will be better served by treating a motion to amend costs and attorney's fees allowed in a judgment as a Rule 59 motion which will terminate or toll the time running for appeal.

■ The *Hammond* case and cases cited therein, as well as the cases cited in Moore's Federal Practice are persuasive and lead us to conclude that the motion to amend the judgment relating to attorney's fees is a motion contemplated by Rule 4(a), NDRAppP, and is a Rule 59, NDRCivP, motion which tolls or extends the time for appeal. We accordingly conclude that the appeal from the second amended judgment and notice of entry thereof was timely.

The landowner contended that if the appeal is considered timely by this court we should nevertheless limit the appeal to attorney's fees and not to the amount of damages allowed for the land. We are not convinced.

■ While a judgment may have several items which may be considered separate and distinct and on appeal may voluntarily limit itself to only one of those items, the judgment, nevertheless, is a single legal document which embraces all matters within it. The amendment in this instance is not merely to correct a typographical or clerical error but involves a substantial matter. Furthermore, our appeal procedures no longer require specifications of error as it did before the adoption of new appellate rules. Under the present rules, the appellant may appeal from the whole or part of a judgment but the rules do not require that the appellant specify in the notice of appeal whether the appeal is from the whole or a part of the judgment. The brief generally contains this information.

The proceedings in this instance to amend a judgment as to attorney's fees tolled the time for appeal and established a new time period beginning from the notice of entry of the amended judgment.

Motion to dismiss the appeal is denied.

ERICKSTAD, C. J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.