**J.S.S., as Guardian ad Litem of the minor child, G.M.F., also known as G.M.Z., DOB: 7/6/86, Petitioner,**

**R.A.F., Petitioner and Appellant,**

**v.**

**P.M.Z., Respondent and Appellee.**

Civ. No. 870384.

Supreme Court of North Dakota.

Sept. 20, 1988.

Freed, Dynes, Reichert & Buresh, P.C., Dickinson, for petitioner and appellant; argued by Eugene F. Buresh.

Weiss, Wright & Paulson, Jamestown, for respondent and appellee; argued by Terence J. Paulson.

ERICKSTAD, Chief Justice.

R.A.F. (hereinafter "Richard," a pseudonym) appeals from a district court order requiring him to pay one-half of the attorney's fees incurred by P.M.Z. ("Patricia," a pseudonym) in this paternity action. We affirm the order and remand for entry of judgment consistent with this appeal.

On July 6, 1986, G.M.Z. ("Gregory," a pseudonym) was born to Patricia. Richard and Patricia agree that Richard is Gregory's biological father. On August 25, 1986, Richard commenced this action seeking a determination of paternity, custody, and child support. The parties entered into a stipulation providing that Patricia would have custody of Gregory and that Richard would pay child support and have reasonable visitation. The agreement was silent as to payment of the parties' respective legal expenses. On February 23, 1987, the court issued its findings of fact, conclusions of law, and order for judgment in accordance with the parties' stipulation.

What followed can only be described as a procedural nightmare. Patricia's counsel, apparently concerned that Patricia would be financially unable to pay his fee, contacted opposing counsel and the court seeking a determination that Patricia was indigent and an order appointing him to represent her. On February 25 the court entered an order finding Patricia indigent and appointing counsel to represent her. The court also on that date signed an authorization for payment of $2,649.36 in fees and costs. This authorization, however, did not specify who was to pay Patricia's fees and costs.

On February 27, judgment was entered in accordance with the stipulation. No provision for costs or attorney's fees was included in the judgment. Notice of entry of judgment was served on March 4, 1987.

On May 1, 1987, the court issued an order directing that the County Social Service Boards of Stark County and Stutsman County each pay one-half of Patricia's attorney's fees and costs. The court was subsequently informed that it had no statutory authority to order Stark County to pay Patricia's attorney's fees. On June 11, 1987, the court entered an amended order requiring that Richard and Stutsman County each pay one-half of Patricia's costs and attorney's fees. Richard moved for reconsideration of the amended order and a hearing was held on October 5, 1987. On October 22 the court entered its order denying Richard's motion and again ordering that Richard pay one-half of those costs and fees.

On December 7, 1987, Patricia moved to modify the judgment to incorporate the court's order for payment of costs and attorney's fees. On December 14 Richard served a resistance to the motion. On December 21 Richard filed a notice of appeal from the court's October 22 order affirming its prior order.

Notwithstanding the notice of appeal, the court on January 7, 1988, issued a memorandum and order granting Patricia's motion to amend the judgment. On January 20, 1988, an amended judgment was entered to include the provisions of the order as to payment of Patricia's costs and attorney's fees.

The following issues are dispositive of the appeal:

(1) Was the October 22 order appealable?

(2) Did the trial court have jurisdiction after judgment had been entered to order Richard to pay a portion of Patricia's costs and attorney's fees?

(3) Did the trial court abuse its discretion in ordering Richard to pay one-half of Patricia's costs and attorney's fees?

## I. APPEALABILITY

Although the issue has not been raised by the parties, we must initially determine whether we have jurisdiction of this appeal. This court has the duty to dismiss an appeal *sua sponte* if the attempted appeal fails for lack of jurisdiction. *E.g., State v. Klocke*, 419 N.W.2d 918, 919 (N.D.1988); *Union State Bank v. Miller*, 358 N.W.2d 222, 223 (N.D.1984).

Richard has appealed from an order denying his motion to set aside the previous ex parte order which required that he pay one-half of Patricia's costs and attorney's fees. Section 28–27–02(7), N.D.C.C., provides:

"7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an

appeal might have been taken from such order so made without notice, had the same been made upon notice."

Thus, the October 22 order is appealable if the June 11 amended order requiring Richard to pay costs and fees would be appealable if made upon notice. *See also In re Weisser Finance Co.*, 169 N.W.2d 420, 421–422 (N.D.1969).

In *State ex rel. Olson v. Nelson*, 222 N.W.2d 383, 386 (N.D.1974), we held that an interlocutory order awarding costs and attorney's fees for discovery violations was not appealable. Similarly, in *Gast Construction Co. v. Brighton Partnership*, 422 N.W.2d 389, 391 (N.D.1988), we noted that an order assessing attorney's fees against a party without adjudicating the case proper is not an appealable order.

However, in *City of Grand Forks v. Henderson*, 297 N.W.2d 450, 452 (N.D. 1980), we held that an award of costs and attorney's fees in a final judgment could be appealed. Although involving an appeal from a judgment, rather than an order, *Henderson* distinguished *Olson* on the basis that it involved an interlocutory pre-trial order and was not a final determination of the issues before the court. In *City of Bismarck v. Thom*, 261 N.W.2d 640, 646 (N.D.1977), another case involving an appeal from a judgment, we noted that *Olson* "may have left an erroneous impression that all orders awarding attorney fees are not appealable." We stressed that the order in *Olson* was not appealable because it was interlocutory.

We believe that the instant situation more closely resembles the facts in *Henderson* and *Thom*. In *Henderson* we stressed the finality of the trial court's assessment of costs and attorney's fees:

"In the instant case, the judgment allowing attorney's fees was not interlocutory. The second amended judgment dated 31 Mar. 1980, with notice of entry of judgment on the same date, was final and made a complete adjudication of the subject matter under consideration, including the costs and attorney's fees,

leaving nothing for the court to do but to superintend ministerially the execution of the judgment." *Henderson, supra,* 297 N.W.2d at 452.

When the trial court issued its June 11 order it had already disposed of all other issues in the case.[1]  We therefore conclude that this order constituted a final and complete adjudication of the remaining issues and therefore would have been appealable if it had been made upon notice.  Thus, the court's October 22 order refusing to set aside the June 11 order is appealable pursuant to Section 28–27–02(7), N.D.C.C.

## II.  JURISDICTION TO AWARD ATTORNEY'S FEES AND COSTS AFTER ENTRY OF JUDGMENT

■  Richard asserts that the trial court was divested of jurisdiction when judgment was entered on February 27, 1987, and that the court was therefore without authority to order Richard to pay Patricia's costs and attorney's fees.  We disagree.

When a court's jurisdiction over the subject matter and the parties has attached, the jurisdiction thus invoked continues until all issues before the court have been finally determined.  *Bryan v. Miller,* 73 N.D. 487, 16 N.W.2d 275, 284 (1944).  This is particularly true where the court expressly indicates its intention to rule later on a particular matter.

Under the circumstances presented in this case it is clear that the trial court did not intend its February 27 judgment to be the final adjudication of all matters presented in the case.  Two days prior the court had entered an order which clearly required further action by the court.  We

therefore conclude that the February 27 judgment was not a final determination of all issues before the court, *see Bryan v. Miller, supra,* and therefore the court retained jurisdiction over the subject matter and the parties to resolve the issue of costs and attorney's fees.

## III.  ABUSE OF DISCRETION

■  Richard asserts that the trial court abused its discretion in ordering him to pay one-half of Patricia's costs and attorney's fees.

Section 14–17–15, N.D.C.C., authorizes the trial court to order one party to a paternity action to pay another party's costs and attorney's fees:

> "*14–17–15.  Costs.*  The court may order reasonable fees of counsel, experts, and the child's guardian ad litem, and other costs of the action and pretrial proceedings, including blood tests, to be paid by the parties in proportions and at times determined by the court.  The court may order the proportion of any indigent party to be paid by the county social service board of the county in which the child resides or is found."

Richard concedes that Section 14–17–15 gives the trial court discretion to determine whether, and in what amounts, a party will be ordered to pay costs and attorney's fees.  Thus, we will reverse the court's determination only upon a showing that the court has abused its discretion.

An abuse of discretion by the trial court is never assumed and must be affirmatively established.  *Dvorak v. Dvorak,* 329 N.W.2d 868, 870 (N.D.1983).  An abuse of discretion is defined as an unreasonable,

---

1.  Arguably Rule 54(b), N.D.R.Civ.P., has some bearing on the appealability of the October 22 order.  However, inasmuch as that order disposed of the only remaining issue in the case, a Rule 54(b) order would have served no purpose because it was not an "order or other form of decision ... which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties."  The order did dispose of the only remaining issue in the case and it therefore did not require Rule 54(b) certification to become a final, appealable order.

In *Gillan v. Saffell,* 395 N.W.2d 148 (N.D. 1986), we held that a judgment denying a party's

motion for partial summary judgment was not appealable, even though a Rule 54(b) order had been entered, because the judgment did not fall within the purview of Section 28–27–02, N.D. C.C., which designates what orders may be appealed.  We do not believe that the policy bases underlying Rule 54(b) and our decision in *Gillan v. Saffell*—judicial economy and deterrence of piecemeal appeals—are violated in this case, where an appeal has been taken from an order which disposed of the only remaining issue in the case and left nothing pending before the trial court.

arbitrary, or unconscionable attitude on the part of the court. *Royal Industries, Inc. v. Haugen,* 409 N.W.2d 636, 638 (N.D. 1987).

We have thoroughly reviewed the record and we find no unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. We conclude that the court did not abuse its discretion in ordering Richard to pay one-half of Patricia's costs and attorney's fees.

## IV. JUDGMENT ENTERED AFTER APPEAL

 One further issue, not specifically raised by the parties, warrants our attention to prevent further confusion in these proceedings. After the notice of appeal was filed the trial court ruled on Patricia's motion to modify the judgment, and on January 20, 1988, an amended judgment was entered which awarded costs and attorney's fees to Patricia. The trial court reasoned that it retained jurisdiction to modify the judgment after the appeal had been filed because "the appeal is from the Court's order for payment, not the judgment."

Jurisdiction of the supreme court attaches upon the filing of the appeal, and generally the trial court has no further jurisdiction in the matter. *Buzzell v. Libi,* 340 N.W.2d 36, 42 (N.D.1983). This attachment of jurisdiction applies to the entire cause of action, not just to the specific order or judgment appealed from. An order or judgment entered by the trial court after an appeal has been filed is ordinarily void for lack of jurisdiction. *Harwood v. Harwood,* 283 N.W.2d 144, 145 (N.D.1979).

In the instant case, the issues presented to the trial court in Patricia's motion to modify the judgment would obviously be affected by our resolution of the appeal. Furthermore, we had previously held in *Buzzell v. Libi, supra,* that the trial court was without jurisdiction to rule on the issue of costs and disbursements after an

appeal had been filed. We conclude that the trial court was without jurisdiction to enter the amended judgment of January 20, 1988, and it is therefore void.

In accordance with the foregoing reasoning, the trial court's October 22 order is affirmed. In order to prevent further confusion and delay of these proceedings, we remand for entry of an amended judgment which includes a provision ordering Richard to pay one-half of Patricia's costs and attorney's fees.[2] Costs on appeal are awarded to Patricia.

GIERKE, MESCHKE, LEVINE and VANDE WALLE, JJ., concur.

---

2. We are aware of the apparent incongruity in declaring a judgment void and then remanding for entry of an identical judgment. Our concern, however, is that by leaving the void judgment stand we would be further proliferating the confusion and delay that the unusual course of proceedings in this case has produced.