2014 ND 192

**DESERT PARTNERS IV, L.P., and
Family Tree Corporation,
Plaintiffs**

**v.**

**Thomas H. BENSON, Leatrice Benson,
John Benson, Brian Benson, Ann P.
Kemske, Jon Kemske; and all other
persons unknown claiming any estate
or interest in, or lien or encumbrance
upon, the property described in the
Complaint, Defendants.**

**John Benson, Appellant.**

**No. 20140066.**

Supreme Court of North Dakota.

Oct. 28, 2014.

John Benson, self-represented, Minnetonka, MN, defendant and appellant.

McEVERS, Justice.

[¶ 1]   John Benson appeals from a district court summary judgment quieting title to disputed mineral interests in favor of Desert Partners.  Desert Partners moves to dismiss Benson's appeal as untimely. We deny Desert Partners' motion to dismiss.   Further, we reverse the district court's grant of summary judgment against John Benson and remand for a hearing on the motions, concluding the district court did not properly notice the hearing it held.

## I

[¶ 2] Desert Partners IV, L.P., and Family Tree Corporation ("Desert Partners") sued to quiet title to certain mineral interests in McKenzie county to Desert Partners. Numerous parties were included in the action. John Benson and Brian Benson, self-represented litigants, answered counterclaiming ownership of the disputed mineral interests. Desert Partners and Benson both moved for summary judgment.[1] No other parties responded to the motions for summary judgment. Desert Partners did not request a hearing on its motion. Benson requested a hearing on the summary judgment motions and then filed a notice of hearing. Benson's notice of hearing stated oral arguments would be heard "on October 30, 2013 at 10:00 am, or as soon as counsel may be heard." On December 3, 2013, the district court ordered summary judgment in favor of Desert Partners, noting there was no dispute as to material facts and no one had appeared for the hearing on November 1, 2013. The record reflects notice of entry of judgment on December 5, 2013.

[¶ 3] Benson emailed an unsigned notice of appeal and faxed a signed notice of appeal on February 3, 2014. On February 4, 2014, the clerk of district court sent Benson an email stating the clerks' offices are unable to file documents submitted by email or fax. Further, the email stated the original documents could be mailed to the office. Benson mailed the notice of appeal on February 4, 2014. According to documentation submitted by Benson, the clerk of district court received the mailed noticed of appeal on February 7, 2014, and recorded the notice of appeal as filed on February 12, 2014.

[¶ 4] Upon receiving the notice of appeal from the district court, the Chief Deputy Clerk of the Supreme Court emailed Benson informing him the timeliness of his appeal was in question, as the deadline for filing was February 6, 2014. Further, the Chief Deputy Clerk advised Benson he may seek an extension of time from the district court to file the notice of appeal under N.D.R.App.P. 4(a)(4), if he could show excusable neglect or good cause. Benson did not move for an extension to file the notice of appeal. Desert Partners moved this Court to dismiss the appeal as untimely and Benson responded. In his response, Benson argues his appeal should be treated as timely. He contends he did not move for an extension because he filed a timely notice of appeal.

[¶ 5] On appeal, Benson argues summary judgment was improperly granted because he requested a hearing on the motions for summary judgment, but did not receive one. Desert Partners did not file a brief in response.

## II

[¶ 6] Before we consider the merits of an appeal, we must have jurisdiction. *Dietz v. Kautzman,* 2004 ND 164, ¶ 6, 686 N.W.2d 110. The time limit for filing a notice of appeal is jurisdictional, and we dismiss an appeal if we conclude we do not have jurisdiction. *State v. Neigum,* 369 N.W.2d 375, 377–78 (N.D.1985). Desert

---

1. It is noted that John Benson purported to file the cross motion for summary judgment and request a hearing on behalf of himself and Brian Benson. A self-represented litigant may not act on behalf of another, which would amount to the unauthorized practice of law, and any action taken by John Benson on behalf of Brian Benson is void. *See Ennis v. Dasovick,* 506 N.W.2d 386, 393 (N.D.1993); N.D.C.C. § 27–11–01; *see also Wetzel v. Schlenvogt,* 2005 ND 190, ¶¶ 12–13, 705 N.W.2d 836 (discussing representation by a non-attorney on behalf of a corporation resulting in all documents signed by the non-attorney deemed void).

Partners moves this Court to dismiss Benson's appeal as untimely, because Benson's mailed notice of appeal was not filed until after the filing deadline. Additionally, Desert Partners asserts the notice of appeal cannot be filed via facsimile or email and it must be signed. Benson argues his signed faxed notice of appeal should be treated as timely, as he submitted it to the clerk of the district court, on February 3, 2014.

[¶ 7] Under N.D.R.App.P. 4(a)(1), a party seeking to appeal a civil judgment must file a notice of appeal with the clerk of the district court within 60 days from the service of notice of entry of the judgment being appealed.[2] When notice of entry of judgment is delivered by mail or third-party commercial carrier, three days must be added, after the 60 days has elapsed. N.D.R.App.P. 26(c). A party may move to extend the time to file a notice of appeal up to 30 days after the initial 60 days has elapsed, if the party shows excusable neglect or good cause. N.D.R.App.P. 4(a)(4)(A).

[¶ 8] Rule 4(a), N.D.R.App.P., does not define what constitutes filing, in regard to filing the notice of appeal. Accordingly, we look to the North Dakota Rules of Court which governs filing in the district court, for the applicable definition. Rule 3.1(e), N.D.R.Ct., states "[a] party seeking to file a pleading or other document must submit it to the clerk." Under N.D.R.Ct. 3.5(a)(1), "[d]ocuments filed electronically in the district courts must be submitted through the Odyssey electronic filing system." Further, N.D.R.Ct. 3.5(a)(2) states "[a]ll documents filed after the initiating pleadings must be filed electronically *except for documents filed by self-represented litigants* and prisoners." (Emphasis

added.) However, neither N.D.R.Ct. 3.1 nor N.D.R.Ct. 3.5 specifies how self-represented litigants should file their documents.

[¶ 9] "The interpretation of a court rule, like the interpretation of a statute, is a question of law." *State v. Ebertz*, 2010 ND 79, ¶ 8, 782 N.W.2d 350. When interpreting court rules, we apply principles of statutory construction to ascertain intent. *Matter of J.D.F.*, 2010 ND 160, ¶ 11, 787 N.W.2d 738. First, we determine intent by looking to the language of the rule and giving words their plain, ordinary, and commonly understood meaning. *Id.* Additionally, we construe rules "to harmonize related provisions to give meaning to each provision if possible." *Datz v. Dosch*, 2014 ND 102, ¶ 9, 846 N.W.2d 724. "If a rule is ambiguous, we may resort to extrinsic aids, including the rule's historical development, to construe it." *State v. Lamb*, 541 N.W.2d 457, 461 (N.D.1996) (citing N.D.C.C. § 1–02–39).

[¶ 10] Here, the plain meaning of the language of N.D.R.Ct. 3.1(e) and 3.5(a)(1)–(2) does not include permissible methods of filing for self-represented litigants. Moreover, we are unable to harmonize the N.D.R.Ct. 3.1(e) definition of filing with the N.D.R.Ct. 3.5(a)(1)–(2) definition of electronic filing, to determine the permissible methods of filing for self-represented litigants. As such, the North Dakota Rules of Court are ambiguous to this extent, and we briefly review the historical development of N.D.R.Ct. 3.5.

[¶ 11] Rule 3.5, N.D.R.Ct., originated as N.D. Sup. Ct. Admin. Order 16, which permitted electronic filing via facsimile transmission or email by both attorneys and self-represented litigants. The order

---

**2.** Effective October 1, 2014, the North Dakota Rules of Appellate Procedure were amended to require a notice of appeal in North Dakota

to be filed with the clerk of the supreme court rather than the clerk of the district court.

was revised various times. The amended version of N.D. Sup. Ct. Admin. Order 16, effective July 1, 2012, omitted the reference to facsimile transmission and email. Instead, it limited electronic filing to submitting documents through the Odyssey system. Effective January 15, 2013, the contents of N.D. Sup. Ct. Admin. Order 16 were subsumed into N.D.R.Ct. 3.5.

[¶ 12] On February 3, 2014, Benson emailed an unsigned notice of appeal and faxed a signed notice of appeal to the clerk of the district court. Benson then mailed a signed notice of appeal to the clerk of the district court, on February 4, 2014. Benson's emailed notice of appeal was defective because it was unsigned. Under N.D.R.Ct. 3.1(b), documents submitted to the court by an unrepresented party must be signed by that party. Benson's mailed notice of appeal was also untimely. "Mailing is not filing under North Dakota law." *Filler v. Bragg*, 1997 ND 24, ¶ 4, 559 N.W.2d 225. Under N.D.R.App.P. 4(a)(1) and 26(c), Benson had 63 days to file the notice of appeal because the notice of entry of judgment was delivered by mail. The record reflects notice of entry of judgment on December 5, 2013. Therefore, the filing deadline for the notice of appeal was February 6, 2014. Although Benson mailed his notice of appeal before the February 6, 2014, deadline, it was not filed by February 6, 2014. As such, Benson's mailed notice of appeal is untimely.

[¶ 13] Benson's faxed notice of appeal was submitted before the February 6, 2014, deadline. However, the North Dakota Rules of Court are ambiguous as to whether submitting via facsimile is an acceptable method of filing for self-represented litigants. Under N.D.R.Ct. 3.5(a)(2), it is clear self-represented litigants are excepted from filing electronically via the Odyssey system, but it is unclear how self-represented litigants may file documents with the court. Rule 3.1(e), N.D.R.Ct., solely states a party seeking to file a document with the court must submit it to the clerk. It does not provide guidance as to how a self-represented litigant must submit the document. The rules regarding the filing of documents by self-represented litigants are further confused by the fact that facsimile filing was previously permitted, as recently as June 2012. *See* N.D. Sup. Ct. Admin. Order 16(B) (Mar. 1, 2011) (stating "Documents filed electronically must be submitted by facsimile transmission or email to the district court clerk unless otherwise ordered by the court."). Additionally, N.D.R.Ct. 3.5(a)(4) provides "[a] document filed electronically has the same legal effect as a paper document."

[¶ 14] This Court does not grant self-represented litigants leniency merely because of their status as such. *See Rosendahl v. Rosendahl*, 470 N.W.2d 230, 231 (N.D.1991); *State v. Hilgers*, 2004 ND 160, ¶ 19, 685 N.W.2d 109. However, in this case, because N.D.R.Ct. 3.5(a)(2) excepts self-represented litigants from the Odyssey filing requirement and the rules are ambiguous as to which methods they must use to file, reasonable confusion existed warranting denial of the motion to dismiss. This determination is consistent with our "objective ... that, whenever reasonably possible, a case should be disposed of on its merits." *Dehn v. Otter Tail Power Co.*, 248 N.W.2d 851, 856 (N.D.1976); *see also Paxton v. Wiebe*, 1998 ND 169, ¶ 42, 584 N.W.2d 72 (VandeWalle, C.J., concurring) (stating: "When, in deciding whether or not an appeal is timely, there is reasonable confusion as to the meaning of the rule, I favor a result which allows the specific appeal to proceed and the case determined on its merits. The rule can be amended so the procedure for future appeals is clear."). In light of these above-mentioned princi-

ples and the facts of this particular case, it would be an injustice for Benson's appeal to be dismissed. Having concluded N.D.R.Ct. 3.1 and 3.5 are ambiguous as to the proper methods of filing for self-represented litigants, to the extent they are ambiguous, we construe them in favor of Benson.

[¶ 15] Accordingly, we treat Benson's faxed notice of appeal as timely and deny Desert Partners' motion to dismiss Benson's appeal. We, therefore, conclude we have jurisdiction to review Benson's appeal.

## III

[¶ 16] Benson argues the district court improperly granted summary judgment in Desert Partners' favor because Benson was entitled to a hearing on his summary judgment motion under N.D.R.Ct. 3.2.

[¶ 17] Under N.D.R.Civ.P. 56, the moving party is entitled to summary judgment if it appears there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Wagner v. Crossland Const. Co.*, 2013 ND 219, ¶ 5, 840 N.W.2d 81.

[¶ 18] Rule 3.2, N.D.R.Ct., applies to all motion practices, unless a conflicting rule governs the matter. *Paxton*, 1998 ND 169, ¶ 13, 584 N.W.2d 72. Under N.D.R.Ct. 3.2(a)(3), a court may decide routine motions on briefs without holding a formal hearing, unless a party requests one. *Breyfogle v. Braun*, 460 N.W.2d 689, 693 (N.D.1990). If a party who timely served and filed a brief requests a hearing on a motion, then "such a hearing must be held and it is not discretionary with the trial court." *Anton v. Anton*, 442 N.W.2d 445, 446 (N.D.1989). "[T]he party requesting oral argument must secure a time for the argument and

serve notice upon all other parties." *Matter of Adoption of J.S.P.L.*, 532 N.W.2d 653, 657 (N.D.1995). A request for oral argument is not complete until the requesting party has secured a time for oral argument. *Bakes v. Bakes*, 532 N.W.2d 666, 668 (N.D.1995). Further, in *Gosbee v. Martinson*, the North Dakota Court of Appeals determined a party "did all he was required to do to secure the hearing" on a motion, when the party contacted the clerk of court and waited to hear back about scheduling a time, but in the meantime the court denied the party's motion without holding a hearing. 2005 ND APP 10, ¶¶ 9–10, 701 N.W.2d 411. When a court erroneously fails to provide a required hearing, the remedy is to remand for a hearing on the matter. *J.S.P.L.*, 532 N.W.2d at 657.

[¶ 19] Benson moved for summary judgment on September 27, 2013, and filed a notice of hearing to be held on October 30, 2013, at 10:00 AM, or as soon as counsel may be heard. The record reflects no hearing was held on October 30, 2013. There is no record of the clerk of the district court contacting Benson to cancel or reschedule the October 30, 2013, hearing. According to Benson, the clerk of the district court called him to inform him the hearing would have to be rescheduled, due to a scheduling conflict. There is also no record of notice of the November 1, 2013, hearing date or any communication between the district court and the parties regarding this date.

[¶ 20] The district court sent a letter to the parties on November 19, 2013, stating "I have reviewed the summary judgment motions and related documents. I am requesting Plaintiff's counsel draft a proposed order for my review." The district court granted summary judgment in Desert Partners' favor on December 3, 2013. In its findings, the district court stated Benson requested a hearing and a hearing

was held on November 1, 2013, at 10:00 AM. The district court stated no party appeared via telephone or in person at the hearing.

[¶ 21] From the record, it is not clear what exactly transpired between Benson and the district court. It is apparent Benson initially made a sufficient attempt to schedule a hearing under N.D.R.Ct. 3.2(a)(3) for October 30, 2013, as he was in contact with the clerk of the district court, secured a date, and filed a notice of hearing. As such, the district court was required to hold a hearing. *See Anton,* 442 N.W.2d at 446 (stating a hearing requested under N.D.R.Ct. 3.2(a)(3) "must be held and it is not discretionary"). Ultimately, a hearing was held on November 1, 2013, not October 30, 2013. However, the district court did not properly notice the November 1, 2013, hearing, or give Benson an opportunity to notice the hearing, because nothing in the record shows the date and time of this hearing was communicated to the parties and no parties appeared. Holding an unnoticed hearing of which Benson was not aware effectively denied him the opportunity to present oral argument. As such, the district court violated N.D.R.Ct. 3.2(a)(3) by not providing notice of the hearing or allowing Benson the opportunity to notice the hearing.

[¶ 22] Accordingly, we reverse the district court's grant of summary judgment in favor of Desert Partners and remand for a hearing on the matter.

IV

[¶ 23] We deny Desert Partners' motion to dismiss, concluding Benson's notice of appeal should be treated as timely, as the rules regarding self-represented litigant filing are ambiguous. Additionally, we conclude Benson is entitled to a hearing on his summary judgment motion and the district court did not properly notice the November 1, 2013, hearing it held. As a result, we reverse the district court's summary judgment in favor of Desert Partners and remand for a hearing on the summary judgment motions.

[¶ 24] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.