# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 210

Ashley Feickert,                                     Plaintiff and Appellee

v.

Cheryl Feickert,                                    Defendant and Appellant

## No. 20220102

Appeal from the District Court of Wells County, Southeast Judicial District, the Honorable James D. Hovey, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Micheal A. Mulloy, Bismarck, ND, for plaintiff and appellee.

Jennifer M. Gooss, Beulah, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Cheryl Feickert appeals from a district court's judgment entered after a bench trial. On appeal, Cheryl Feickert argues the district court erred by failing to consider her unjust enrichment claim and by denying her an offset to the damages awarded to Ashley Feickert. We affirm.

I

[¶2]   Ashley Feickert was a minor when her father died intestate in 1988. Ashley Feickert inherited an undivided one-fourth interest in real property in Sheridan County from her father. Her mother, Cheryl Feickert, became her conservator in 1990. Cheryl Feickert, as conservator, leased Ashley Feickert's interest in the land starting in April 1989, but failed to provide an accounting of the lease income until September 2020.

[¶3]   In March 2021, Ashley Feickert commenced this action against Cheryl Feickert, alleging breach of fiduciary duties for failure to keep suitable records, self-dealing, and failure to distribute assets as Ashley Feickert's conservator. Cheryl Feickert filed an answer asserting the affirmative defenses of estoppel, waiver, laches, contributory negligence, unclean hands, and unjust enrichment. The answer included a prayer for relief requesting the court to dismiss the action, award reasonable fees and costs, and any other such relief the court deemed just and proper. Cheryl Feickert's answer did not include facts supporting her claimed defenses, nor did it specifically include a counterclaim for unjust enrichment or a request for a damages offset.

[¶4]   A bench trial was held on December 6, 2021. On February 16, 2022, the district court issued its order and entered judgment. The court found Cheryl Feickert breached multiple fiduciary duties as Ashley Feickert's conservator. The court ordered Cheryl Feickert to pay $119,994.97 plus post-judgment interest to Ashley Feickert for damages sustained from Cheryl Feickert's breach of fiduciary duties. The court held Cheryl Feickert failed to properly plead the unjust enrichment counterclaim. The court further held Cheryl

Feickert failed to provide legal authority in support of her request to offset damages. Cheryl Feickert appeals.

## II

[¶5]   Before addressing the merits, we first address the appealability of this case. Following entry of judgment, but prior to filing her notice of appeal, Cheryl Feickert voluntarily payed $20,000 against the judgment, resulting in a partial satisfaction of the judgment. After receiving the notice of appeal, Ashley Feickert moved to dismiss the appeal, arguing Cheryl Feickert waived her right to appeal by partially satisfying the judgment. Cheryl Fieckert responded to the motion arguing the $20,000 was an undisputed amount that she had in savings from the land rent for Ashley Feickert.

[¶6]   "[A] party who voluntarily pays a judgment against him waives the right to appeal from the judgment." *State ex rel. Storbakken v. Scott's Electric, Inc.*, 2014 ND 97, ¶ 6, 846 N.W.2d 327. We have declined to state a definitive rule on whether a voluntary partial payment or satisfaction of a judgment for damages constitutes a waiver of the right to appeal. *Id.* (noting that courts in other jurisdictions have reached different results depending on the particular facts of the case). We have recognized that payment of costs which are only incidental to the judgment and do not in any way go to the merits does not defeat the right to appeal. *Twogood v. Wentz*, 2001 ND 167, ¶ 7, 634 N.W.2d 514; *Cf. Mr. G's Turtle Mt. Lodge, Inc. v. Roland Twp.*, 2002 ND 140, ¶ 16, 651 N.W.2d 625 ("Unlike an ordinary judgment for statutory costs to a prevailing plaintiff, an award of actual costs and attorney's fees for bringing a frivolous action is based upon, and goes to, the merits of the case."). We have also concluded the right to appeal was not waived when all the issues of trial and damages therefrom have not been satisfied. *Schwab v. Zajac*, 2012 ND 239, ¶ 9, 823 N.W.2d 737 (allowing appeal where earnest money for land was released but money judgment for slander of title claim had not been paid).

[¶7]   In *Scott's Electric*, Scott's voluntarily paid the State an amount for undisputed wages, penalties, and interest. 2014 ND at ¶ 5. This Court concluded that because Scott's paid an undisputed amount, it cannot then dispute its "undisputed" liability on appeal. *Id.* However, this Court reasoned

2

that Scott's did not waive its entire right to appeal from the judgment by partially satisfying the judgment. *Id*. at ¶ 8. The Court held Scott's could only challenge the judgment in excess of the "undisputed" amount that had been satisfied. *Id*. While we declined to resolve the issue and announce a rule in *Scott's Electric*, we now abandon the voluntary payment rule in cases of voluntary partial payment of the judgment, but the challenge to the judgment is limited to disputed claims and the amount of damages that have not been satisfied.

[¶8]   Here, the district court found Cheryl Feickert testified she was holding $20,000 for Ashley Feickert's benefit. As in *Scott's Electric*, Cheryl Feickert did not dispute at trial that she held the funds for Ashley Feickert's benefit prior to voluntarily paying $20,000 towards the judgment. Therefore, she cannot dispute this amount on appeal, nor can she dispute she breached her fiduciary duties. She can only dispute the remainder of the damages in excess of the payment and independently disputed claims. We conclude Cheryl Feickert's partial satisfaction of the judgment does not waive her right to appeal the disputed amount.

[¶9]   The rule still stands that satisfaction of judgment extinguishes the underlying claim. *Lyon v. Ford Motor Co.*, 2000 ND 12, ¶ 10, 604 N.W.2d 453. Despite not entirely waiving her right to appeal because she only partially satisfied the judgment, the underlying claims for breach of her fiduciary duties to Ashley Feickert are extinguished, except the disputed amount of damages. In the interests of certainty and finality, a party should not be allowed to mislead the opposing party into believing that the controversy is over and then later contest the claim and seek recovery. *Id*. at ¶ 11. With this rule, we seek to promote the judicial policy of furthering the intentions and legitimate expectations of the parties. *See id*.

### III

[¶10]  Cheryl Feickert argues the district court erred by failing to consider her claim for unjust enrichment. She argues she specifically pled unjust enrichment as an affirmative defense. In the alternative, she argues her

answer put Ashley Feickert on notice of an independent claim of unjust enrichment.

[¶11] Cheryl Feickert cannot argue unjust enrichment as an affirmative defense to the breach of fiduciary duty claim against her because she waived appeal on the breach of duty claim by voluntarily making partial payment. However, we will consider whether she pled an independent claim for unjust enrichment.

[¶12] Rule 8 of the North Dakota Rules of Civil Procedure governs pleadings for claims for relief:

> A pleading that states a claim for relief – whether an original claim, a counterclaim, a crossclaim, or a third-party claim – must contain: (1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for the relief sought, which may include relief in the alternative or different types of relief.

N.D.R.Civ.P. 8(a). While a concise and non-technical complaint is all N.D.R.Civ.P. 8(a) requires, it must be sufficient to inform and notify both the adversary and the court of the pleader's claim. *Trauger v. Helm Bros., Inc.*, 279 N.W.2d 406, 412 (N.D. 1979). "If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms accordingly." N.D.R.Civ.P. 8(c)(2).

[¶13] The purpose of the pleading requirements in Rule 8 is to apprise the opposing party of the nature of the claim. *Tibert v. Minto Grain, LLC*, 2004 ND 133, ¶ 21, 682 N.W.2d 294. "Pleadings must be construed so as to do justice." N.D.R.Civ.P. 8(e). The requirement of substantial justice equally applies to both parties' entitlement to notice of any claims against him. *Tibert*, 2004 ND at ¶ 21. If, after review of a complaint, no assertion is offered that would allow for the minimal notice required under Rule 8, the district court may dismiss the complaint. *Id*. at ¶ 19. The same would be true when reviewing a counterclaim. *City of Fargo v. Rakowski*, 2016 ND 79, ¶ 17, 877 N.W.2d 814 (holding the district court did not err by dismissing a counterclaim that did not

4

show why a party was entitled to relief). A claim may fail under Rule 8(a) if the opposing party is unable to frame an appropriate responsive pleading. *Tibert*, 2004 ND, at ¶ 21.

[¶14] We agree Cheryl Feickert's answer did not comply with the requirements of Rule 8(a). Cheryl Feickert merely listed unjust enrichment as part of a long list of affirmative defenses in her answer. She did not plead facts in support of a claim for unjust enrichment. The district court did not err by holding Cheryl Feickert failed to satisfy the minimal notice requirements of N.D.R.Civ.P. 8(a).

IV

[¶15] Cheryl Feickert argues the district court erred by failing to offset the amount of damages it awarded Ashley Feickert by the damages Cheryl Feickert claims Ashley Feickert was unjustly enriched. As we explained above, Cheryl Feickert is not entitled to an offset because she did not properly plead a claim for unjust enrichment. Cheryl Feickert did not provide authority for this argument to the district court. She has not provided authority for her position on appeal. "Where a party fails to provide supporting argument for an issue listed in his brief, he is deemed to have waived that issue." *In re J.S.*, 2008 ND 9, ¶ 13, 743 N.W.2d 808 (citation omitted). We will not consider this issue absent authority to support her argument.

V

[¶16] The judgment is affirmed.

[¶17] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

5