# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2026 ND 56

Scott Volker,                                                    Plaintiff and Appellant

v.

Danielle Nygaard and Ahlaina Mohler,                Defendants and Appellees

### No. 20250309

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Cherie L. Clark, Judge.

DISMISSED.

Opinion of the Court by Tufte, Justice.

Scott Volker, self-represented, Golden Valley, Minnesota, plaintiff and appellant; submitted on brief.

James A. Teigland and Kyle Christianson, Fargo, North Dakota, for defendants and appellees; submitted on brief.

**Tufte, Justice.**

[¶1]   Scott Volker appeals from a district court judgment dismissing his claims with prejudice as a Rule 11, N.D.R.Civ.P., sanction for repeatedly submitting fictitious, AI-generated case citations. Danielle Hough, formerly known as Danielle Nygaard, and Ahlaina Mohler moved to dismiss the appeal as untimely. We dismiss the appeal.

I

[¶2]   Volker commenced this action against Hough and Mohler, who moved to dismiss the complaint at the district court. During the hearing on the motion, the court warned Volker that his filings contained fictitious legal citations. Despite this warning, Volker filed additional briefs containing fictitious citations. The district court then issued an Order to Show Cause.

[¶3]   At the Order to Show Cause hearing, the district court found that Volker had willfully defied the court and dismissed the action with prejudice as a Rule 11 sanction. On May 20, 2025, the district court entered an Order for Judgment and Judgment dismissing Volker's claims with prejudice and awarding the defendants "their costs and disbursements." The Order for Judgment stated that the defendants "may make an application for reasonable costs and disbursements, which will then be included in the judgment." Notice of entry of judgment was served on May 21, 2025.

[¶4]   The defendants filed a Statement of Costs and Disbursements seeking $55 in statutory costs. Volker filed no objection to the statement. On June 18, 2025, Cass County Court Administration administratively approved the unopposed costs application and entered a document styled "Amended Judgment." The only difference between the May 20 judgment and the June 18 amended judgment was the insertion of the $55 statutory costs amount. No post-judgment motions were filed.

[¶5]   Volker filed his notice of appeal on August 28, 2025—more than 90 days after May 21, 2025, the date of service of notice of entry of the May 20 judgment.

1

Volker's brief states that he seeks review of the district court's dismissal with prejudice. On September 17, 2025, this Court entered an order extending the deadline to appeal from a judgment entered June 18, 2025.

II

[¶6] This Court must have jurisdiction to consider the merits of an appeal. *Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 6, 855 N.W.2d 608. "The time limit for filing a notice of appeal is jurisdictional." *Id*. If this Court lacks jurisdiction, the appeal must be dismissed. *Holverson v. Lundberg*, 2015 ND 225, ¶ 6, 869 N.W.2d 146.

III

[¶7] Under N.D.R.App.P. 4(a)(1), a notice of appeal in a civil case "must be filed with the clerk of the supreme court within 60 days from service of notice of entry of the judgment or order being appealed." After the 60-day period expires, this Court may extend the deadline for an additional 30 days upon a showing of excusable neglect or good cause. N.D.R.App.P. 4(a)(4). The "90-day limit, not the 60-day limit for filing notice of appeal, is jurisdictional." *City of Grand Forks v. Henderson*, 297 N.W.2d 450, 451 (N.D. 1980). This Court may not extend the time for appeal beyond the 90-day jurisdictional deadline. *Id.* Accordingly, the dispositive question is whether the appeal period runs from the May 20 merits judgment or the June 18 amended judgment.

[¶8] The May 20 judgment dismissed Volker's complaint with prejudice and awarded the defendants their costs and disbursements. That judgment resolved all claims on the merits. The fact that the specific dollar amount of costs had not yet been calculated did not render the May 20 judgment non-final, because "[a] judgment consists of two parts, one on the merits, and the other for the costs." *Twogood v. Wentz*, 2001 ND 167, ¶ 7, 634 N.W.2d 514 (cleaned up). Statutory costs are not related to the merits of the cause of action and "are only incidental to the judgment." *See Feickert v. Feickert*, 2022 ND 210, ¶ 6, 982 N.W.2d 316.

[¶9] Having established that the May 20 judgment was final, we turn to whether the clerk's June 18 insertion of statutory costs restarted the appeal period for that judgment. Under N.D.R.Civ.P. 54(e)(1), costs and disbursements

"must be allowed as provided by statute." The rule provides a detailed procedural framework for determining costs: the prevailing party must file a verified statement of costs within 30 days after entry of the order for judgment; objections must be filed within 14 days; and "[i]f no objections are filed within the time designated under this rule, the clerk must allow the costs and disbursements included in the statement and insert them in the judgment." N.D.R.Civ.P. 54(e)(1)(D). Significantly, the rule directs the *clerk*—not the court—to "insert" costs into an existing judgment. The procedure for assessing costs under Rule 54(e)(1) is ministerial and contemplates that the judgment exists at the time the costs are determined.

[¶10] Costs under Rule 54(e)(1) are treated differently from attorney's fees under Rule 54(e)(2). The costs framework operates on a timeline anchored to the entry of the order for judgment—the prevailing party files a statement "within 30 days after entry of an order for judgment," and the clerk inserts costs into the judgment. N.D.R.Civ.P. 54(e)(1)(A), (D). By contrast, attorney's fees are determined by motion filed "within 21 days after notice of entry of judgment," and a motion for attorney's fees stays the time for appeal. N.D.R.Civ.P. 54(e)(2)(A); N.D.R.App.P. 4(a)(3)(A)(iii). No analogous stay applies to proceedings for costs under Rule 54(e)(1).

[¶11] Here, the district court clerk's June 18 action inserted $55 of unopposed statutory costs into the existing judgment, "per Rule 54 (e)(D)." Although the correct citation was Rule 54(e)(1)(D), it is clear the clerk was referencing the statutory costs rule. No judicial decision was made. No post-judgment motion was filed or decided. The substantive rights determined by the May 20 judgment—the dismissal of Volker's claims with prejudice—were untouched. Although Court Administration labeled the resulting document an "Amended Judgment," that label does not change its character.

[¶12] The result here is consistent with the general rule that "when an amended judgment alters content other than the material terms from which a party may appeal, its entry does not serve to enlarge the time for appeal." *Vierstra v. Vierstra*, 292 P.3d 264, 270-71 (Idaho 2012); *see also Morrell v. Edwards*, 640 P.2d 1322, 1324 (Nev. 1982) ("The test for determining whether an appeal is properly taken from an amended judgment rather than the judgment originally entered

3

depends upon whether the amendment disturbed or revised legal rights and obligations which the prior judgment had plainly and properly settled with finality.").

[¶13] Because the June 18 costs insertion did not restart the appeal period for the merits judgment, the appeal deadline ran from May 21, 2025—the date notice of entry of the May 20 judgment was served. The 60-day period to file a notice of appeal expired on July 21, 2025. *See* N.D.R.App.P. 26(a)(1)(C). The 90-day jurisdictional deadline expired on August 19, 2025. Volker filed his notice of appeal on August 28, 2025—nine days after the jurisdictional deadline.

[¶14] Volker contends that this Court's September 17, 2025 order, which extended the time for appeal from a judgment entered June 18, 2025, cured any timeliness defect. That order, however, was entered on a procedural motion without the benefit of full briefing on the jurisdictional question, and this Court reserved the jurisdictional issue for consideration with the merits of the appeal. *See* N.D.R.App.P. 27(c) ("Any party adversely affected by action on [a motion for a procedural order] may request reconsideration, vacation, or modification of the action."). Furthermore, this Court cannot extend the time for appeal beyond the 90-day jurisdictional limit. *Henderson*, 297 N.W.2d at 451. Because the 90-day jurisdictional deadline from the May 20 merits judgment expired on August 19, 2025, no extension—whether granted before or after that date—could confer jurisdiction over an appeal from the merits judgment. The September 17 order, to the extent it purported to extend the deadline for appealing the merits judgment, was beyond this Court's authority.

IV

[¶15] Because the 90-day jurisdictional deadline from the May 20 merits judgment expired on August 19, 2025, and Volker did not file his notice of appeal until August 28, 2025, this Court lacks jurisdiction to review the dismissal of Volker's claims. We dismiss the appeal.

[¶16]  Lisa Fair McEvers, C.J.
      Daniel J. Crothers
      Jerod E. Tufte

Jon J. Jensen
Douglas A. Bahr